## GILL *vs.* WILKINSON.

If a sheriff permit a negro, he has in possesion under levy, to go at large and such negro escapes, the sheriff cannot reimburse himself for the costs and expense of recapture out of the proceeds of the sale.

Rule against the Sheriff, from Lee County. Decided by Judge PERKINS, March Term, 1860.

James W. Wilkinson, being the plaintiff in a *fi. fa.* against James W. Cross for the principal sum of $285 86, moved a rule against William C. Gill, sheriff of said county, calling on him to show cause why he should not pay over on said *fi. fa.* the sum of $180 00, being a balance in his hands after satisfying other *fi. fas.* which brought the fund in Court.

In reply to the rule, the sheriff answered: That there was a balance in his hands, as stated in the rule, raised from the sale of defendant, Cross', negro woman, Rhena; that at the time he received said negro, the jail of the county was insecure and unsafe, and was not sufficient to safely keep said negro, and that it continued in that condition; that the weather was extremely cold, and he took said negro to his home and kept her there, as he thought humanity required. Whilst the negro was thus situated, said Wilkinson placed an attachment in his favor against said Cross in his hands, which he also levied on said slave; that both before and after the levy, the said Wilkinson well knew the manner in which the slave was kept, and consented thereto; that afterwards the woman was stolen from his possession, and that he was subjected to great trouble, expense and loss of time in going to various places in this State and in Alabama, to find and retake her, which he did, and thereafter brought her to sale, as stated. He states, the expense of her recapture amounted to the said balance in his hands, and claims the right to apply the same to his own reimbursement.

He further answered, that there was an older *fi. fa.* controlled by himself, to which he had the right to apply the balance of the fund on hand.

After argument of counsel, the Court ordered the rule to

Gill *vs.* Wilkinson.

be made absolute, and counsel for the plaintiff in error excepted.

HAWKINS, for plaintiff in error.

WARREN & FLOYD, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

We agree with the Court below, that there was not the slightest reason for allowing the sheriff to retain the balance left in his hands, after payment of executions from the sale of the negroes, for the reimbursement of himself for his costs and expenses of himself and his company in following up and retaking the negro that had escaped from his custody. It was the duty of the sheriff, after he had levied, to so secure the negro as to prevent her escape. If the jail was insecure, he should have adopted some other security; but by permitting her to go at large, he took the risk of her escape, and the losses arising therefrom must be borne by him. But as he sets up in his answers, that he has in his hands an execution of an older or prior lien to that of Wilkinson's attachment lien, we, in affirming the judgment, direct that part of his answer to be inquired of by the Court, and if it shall appear that the *fi. fa.* the sheriff claims to control of *Cheatem & Co. vs. James W. Cross,* is a subsisting and unpaid one of prior lien to that of the attachment in favor of James W. Wilkinson, that in such case the Court direct that the amount due, or such execution be first paid out of the fund in the sheriff's hands, and the balance, if any, to the attachment.

Judgment affirmed.